UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NAM YOON, SUN DOK HUR and JOM RAE KIM,

Plaintiffs,

-against-

SALON JADE INC, C W HAN CORP, GUI BOK
KIM, and JOON JA KIM,

Defendants.

Case No. 20-cv-3485(WFK)(LB)

**SETTLEMENT AGREEMENT
AND RELEASE OF CLAIMS
BETWEEN PLAINTIFF NAM
YOON and DEFENDANTS
SALON JADE INC. and GUI
BOG KIM**

This Settlement Agreement and General Release of Claims ("Agreement") is entered into by and among Plaintiff Nam Yoon ("Plaintiff") on the one hand, and Salon Jade Inc. (the "Corporate Defendant"), and Gui Bog Kim s/h/a Gui Bok Kim (the "Individual Defendant," and together with the Corporate Defendant "Defendants"), on the other hand.

WHEREAS, Plaintiff alleges that she worked for Defendants as an employee; and

WHEREAS, a dispute has arisen regarding Plaintiff's alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Eastern District of New York, Civil Action No: 20-cv-3485, (hereinafter "the Litigation"), alleging, among other things, a violation of federal and state wage and hour and overtime laws;

WHEREAS, Defendants deny any violation of federal and state wage and hour and overtime laws; and

WHEREAS, the parties desire to resolve all disputes between them without the necessity of further litigation;

NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

1.  <u>Payment</u>: Defendants shall pay or cause to be paid to Plaintiff within fifteen (15) days after the Court's approval of this Agreement and receipt by Defendants' attorney of a du1y executed IRS W-9 from the Plaintiffs attorney, and subject to the terms and conditions of this Agreement, and as full, complete, and final settlement and final satisfaction of any and all claims or potential claims Plaintiff may have against Defendants through the Effective Date of this Agreement (each such claim a "Released Claim"), including all counsel fees and costs incurred by Plaintiff, the gross sum of Twelve Thousand Five Hundred Dollars ($12,500.00) (the "Negotiated Settlement Amount") to be paid to Plaintiff and Plaintiff's attorney as follows: one check in the amount of TWELVE THOUSAND FIVE HUNDRED and no/100 ($12,500.00) DOLLARS made payable to Ryan Kim Law, P.C., as attorney.

The payment set forth above shall be delivered to the office of Ryan J. Kim, Ryan Kim Law, P.C., at 222 Bruce Reynolds Boulevard, Suite 490, Fort Lee, NJ 07024.

2.  Plaintiff and Plaintiff's counsel shall be solely responsible for any taxes resulting from the payments received under this Settlement Agreement that are not subject to withholding by the Defendants.

3.  <u>Releases</u>

    (a) <u>Release by Plaintiff</u>. Plaintiff is no longer an employee of the Defendants. Plaintiff knowingly and voluntarily releases and forever discharges Defendants, and any of their current or former predecessors or successors, or former or current related corporations, partners,

2

affiliates, subsidiaries, divisions, successors and assigns thereof, officers, directors and agents (the "Releasees") of and from any and all claims, complaints, causes of action, lawsuits, demands, backwages, attorney's fees, benefits, pain and suffering, debts, controversies, damages, judgments, in law or equity, of any kind, nature and character, which concern allegations of unpaid compensation (including minimum wage, overtime, unpaid spread-of-hours and split-shift pay, accrued benefit time, liquidated damages, interest, and/ or statutory penalties) purportedly owed to Plaintiff under the FLSA, NYLL, or any other law, regulation, or ordinance regulating the payment of wages, recordkeeping requirements under the FLSA or NYLL, and the provision of documents to employees under the FLSA or NYLL, which Plaintiff, her heirs, executors, administrators, agents, successors, and assigns, has, had, or hereafter can have against Releasees, from the beginning of time to the date of this Release, including, but not limited to, any and all claims raised in the Action. Nothing herein contained shall constitute a release by Plaintiff of any claims as to which the law prohibits a release.

(b) Plaintiff hereby authorizes and directs her attorney, upon her execution of this Agreement, to execute and file with the United States District Court for the Eastern District of New York, a Stipulation of Discontinuance with Prejudice in this Action with respect solely to the Plaintiff and the Defendants, in the form annexed hereto as Exhibit A.

(c) Plaintiff hereby authorizes and directs her attorney to dismiss the Action with prejudice as to her and the Defendants herein.

(d)      Plaintiff confirms that by reason of this Settlement she has no wage related claims against co-Defendants,   C W HAN CORP and JOON JA KIM for the period prior to on

3

or about October 26, 2014 since the co-Defendants purchased the subject business from the Defendants on or about October 26, 2014.

        (e)      Likewise, Plaintiffs= Sun Dok Hur and Jom Rae Kim have no claims against the Defendants as they were hired after the business was sold by the Defendants to co-Defendants C W Han Corp. and Joon Ja Kim.

4.    <u>No Admission of Wrongdoing</u>: This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

5.    <u>Modification of the Agreement</u>: This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiff and Defendants.

6.    <u>Acknowledgment</u>: Plaintiff and Defendants acknowledge that they have been fully and fairly represented by counsel in this matter, and have consulted with counsel for the purpose of this Agreement. Plaintiff and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. They further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

7.    <u>Notices</u>: Notices required under this Agreement shall be in writing and shall be deemed given on the first business day following priority mailing and electronic transmission thereof. Notice hereunder shall be delivered to:

    To Plaintiff:    Ryan J. Kim, Esq.
                     Ryan Kim Law, P.C.
                     222 Bruce Reynolds Boulevard, Suite 490
                     Fort Lee, NJ 07024
                     (718) 573-1111

Email: ryan@RyanKimLaw.com

To Defendants: Andrew A. Kimler, Esq.
                Vishnick McGovern Milizio LLP
       3000 Marcus Ave., Suite 1E9
       Lake Success, NY 11042
       Tel: 516-437-4385 x. 119
       Email: akimler@vmmlegal.com

8.   <u>Governing Law</u>: This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof. The parties consent and stipulate to the personal jurisdiction of the United States District Court for the Eastern District of New York and the Supreme Court of the State of New York, County of Westchester in any subsequent proceeding to enforce this Agreement.

9.   <u>Severability</u>: If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiff agree to promptly execute a release, waiver and/or covenant that is legal and enforceable.

10.  <u>Release Notification</u>: Defendants advised Plaintiff to discuss the terms of this Agreement and release of claims with her legal counsel and Plaintiff acknowledges that she has consulted with RYAN KIM LAW, P.C. and Ryan J. Kim, Esq. acknowledges that he has explained the terms herein to the Plaintiff. Plaintiff acknowledges that it is her choice to waive any potential claims in return for the benefits set forth herein and that she made this decision after careful thought

and a reasonable period of time to consider this Agreement, and after an opportunity to consult with her attorney. Plaintiff confirms that she understands the terms of this Agreement and that she is signing this Agreement voluntarily.

11. <u>Covenant Not to Sue</u>: Plaintiff hereby covenants and agrees not to sue, commence, prosecute and continue any other proceeding or complaint or accept any relief individually or as a member of a class, against Defendants or Releasees based on any claims that are referred to in paragraph 3 of this Agreement. Plaintiff waives any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding in which Defendants or any other Releasee identified in this Agreement are a party based on any claims that are referred in paragraph 3 of this Agreement. Plaintiff waives any right to recover monetary damages in any charge, complaint or lawsuit filed by Plaintiff or anyone else on Plaintiff=s behalf based on any claims referred to in paragraph 3 of this Agreement. As of the date of execution of this Agreement, Plaintiff is unaware of any individual( s) who is ready, willing and able to file a civil action for damages, or otherwise proceed in any manner, against Defendants or Releasees as defined herein, including all related entities/individuals noted in paragraph 3, for any of the type of claims asserted in the Complaint filed in this Action.

12. <u>Accord and Satisfaction</u>: Should any action or proceeding be instituted by the Plaintiff with respect to matters herein settled, released or waived pursuant to this Agreement, other than an action or proceeding to enforce the terms of this Agreement, this Agreement shall be deemed a full accord, satisfaction and settlement of any such claim(s) and sufficient basis for immediate dismissal of the subsequent action.

13. <u>No Assignment</u>: Plaintiff represents and warrants that they have not assigned, transferred, or purported to assign or transfer, to any person or entity, any Released Claim or any portion thereof or interest therein, including, but not limited to, any interest in the Litigation, or any related action and no lien exists therein.

14. <u>Entire Agreement</u>: This Agreement and all attachments constitute the entire Agreement between the Parties. All prior and contemporaneous negotiations and understandings between the Parties shall be deemed merged into and superseded by this Agreement. There are no representations, warranties, understandings, or agreements other than those expressly set forth in this Agreement.

15. <u>Waiver</u>: Failure to insist on compliance with any term, covenant or condition contained in this Agreement shall not be deemed a waiver of that term, covenant or condition, nor shall any waiver or relinquishment of any right or power contained in this Agreement at any one time or more times be deemed a waiver or relinquishment of any right or power at any time or all times.

16. <u>Modification</u>: This Agreement and Release may not be modified, altered or otherwise changed except by a written agreement signed and notarized by the affected by the modification, alteration, or change.

17. <u>Binding Effect</u>: This Agreement shall be binding upon and inure to the benefit of the Parties, and the Parties' heirs, trustees, executors, administrators, successors, and assigns of the respective Parties.

18. <u>Construction</u>: The terms and conditions of this Agreement have been negotiated by mutual agreement of the Parties. Therefore, the terms and conditions of this Agreement are not intended to be, and shall not be, construed against any Party by virtue of draftsmanship.

19. <u>Attorneys' Fees and Costs</u>: Except as specifically provided elsewhere in this Agreement, each Party shall be solely responsible for its or their own attorneys' fees and costs in connection with the Litigation. However, the prevailing Party shall be entitled to recover all reasonable attorneys' fees and costs incurred in the prosecution of any action to enforce the terms of this Agreement.

20. <u>Fair and Reasonable Settlement</u>: The Parties agree that this Agreement and the payments called for by this Agreement are fair and reasonable to all Parties, and that those payments and the other terms of this Agreement constitute a fair and reasonable settlement of the claims made in the Litigation. The Parties also agree that there was no undue influence, duress, overreaching, collusion, or intimidation in reaching this Agreement, and that both Parties have sought and received the advice of competent counsel as to the meaning and effect of each of the terms of this Agreement before agreeing to sign it.

21. <u>Counterparts</u>: To signify their agreement to the terms of this Agreement and General Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto,

notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile transmission.

Dated: January 21, 2021

Plaintiff:                                             Defendants:

_____                              Salon Jade, Inc.
Yoon Nam

                                                       By:_____
                                                              Gui Bog Kim, President


                                                       _____
                                                       Gui Bog Kim, Individually

9

notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile transmission.

Dated: January _____, 2021

Plaintiff:                                                  Defendants:

                                                            Salon Jade, Inc.

_____
Yoon Nam                                                    By:_____
                                                               Gui Bog Kim, President

                                                            _____
                                                            Gui Bog Kim, Individually

9

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| NAM YOON, SUN DOK HUR and JOM RAE KIM, | Case No. 20-cv-3485(WFK)(LB) |
| Plaintiffs, | |
| -against- | **STIPULATION OF DISCONTINUANCE AGAINST SALON JADE INC. AND GUI BOK KIM WITH PREJUDICE** |
| SALON JADE INC, C W HAN CORP, GUI BOK KIM, and JOON JA KIM, | |
| Defendants. | *VIA ECF* |

IT IS HEREBY STIPULATED AND AGREED, by and between Plaintiff Nam Yoon and Defendants Salon Jade Inc. and Gui Bog Kim s/h/a Gui Bok Kim, as an individual, through their respective counsel and pursuant to Fed. R. C. P. 41(a)(1)(ii), that this action against Defendants Salon Jade Inc. and Gui Bog Kim s/h/a Gui Bok Kim shall be and is hereby discontinued and dismissed in its entirety, without prejudice, with no award of attorney's fees, costs, or disbursement by the Court to any Party.

_____
Andrew A. Kimler
Vishnick McGovern & Milizio, LLP
3000 Marcus Avenue, Suite 1E9
Lake Success, New York 11042

Attorneys for Defendants,
Salon Jade Inc. and Gui Bok Kim

Dated:  January __, 2021

_____
Ryan J. Kim, Esq.
Ryan Kim Law, P.C.
222 Bruce Reynolds Boulevard, Suite 490
Fort Lee, NJ 07024

Attorney for Plaintiffs

Dated:  January __, 2021

**EXHIBIT "A"**